## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Warren Distributing Co., d/b/a/ Hub City Distributing Co. and Warren Distributing Co. South, Peerless Beverage Co., Inc., and Shore Point Distributing Company, | x : : : : : | Case No. 07-CV-1053 RBK-JS |
| Plaintiffs, | : : | NOTICE OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT |
| v. | : : | |
| InBev USA L.L.C., and Anheuser-Busch, Incorporated, | : : : | |
| Defendants. | x | |

TO:   Paul W. Kaufman, Esq.
      Hangley Aronchick Segal & Pudlin
      One Logan Square, 27th Floor
      Philadelphia, PA 19103-6933

**PLEASE TAKE NOTICE** that on June 22, 2007, the undersigned attorneys for defendant InBev USA, LLC ("InBev") shall move before the United States District Court for the District of New Jersey in Camden, New Jersey, for an Order dismissing plaintiffs' Complaint.

**PLEASE TAKE FURTHER NOTICE** that in support hereof, InBev will rely upon their Memorandum of Law submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order has been submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that the undersigned requests oral argument in the event plaintiffs submit opposition to this motion.

409464.1 DocsNJ

LANDMAN CORSI BALLAINE & FORD, P.C.
One Gateway Center, 4th Floor
Newark, NJ 07102-5388
(973) 623-2700
Attorneys for Defendant
InBev USA L.L.C.


By: _____
       John A. Bonventre

Dated: May 22, 2007
       Newark, New Jersey

409464.1 DocsNJ

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Warren Distributing Co., d/b/a Hub City Distributing Co. and Warren Distributing Co. South, Peerless Beverage Co., Inc., and Shore Point Distributing Company,<br><br>        Plaintiffs,<br><br>   v.<br><br>InBev USA L.L.C., and Anheuser-Busch, Incorporated,<br><br>        Defendants. | **Case No. 07-CV-1053 RBK-JS**<br><br><br><br>**ORDER** |

**THIS MATTER** having been brought before the Court by Landman Corsi Ballaine & Ford P.C., attorneys for defendant InBev USA, LLC, ("InBev") seeking an Order to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and the Court having reviewed the briefs and argument of counsel, and for good cause shown;

**IT IS ORDERED** on this _____ day of _____, 2007, that the motion of defendant InBev to dismiss plaintiffs' complaint is granted in all respects.

 

 

_____

Hon. Robert B. Kugler, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Warren Distributing Co., d/b/a/x Hub City Distributing Co. and: Warren Distributing Co. South,: Peerless Beverage Co., Inc., and: Shore Point Distributing Company, :<br>:<br>Plaintiffs, :<br>:<br>v. :<br>:<br>InBev USA L.L.C., and :<br>Anheuser-Busch, Incorporated, :<br>:<br>Defendants. x | Case No. 07-CV-1053 RBK-JS |

**DEFENDANT INBEV'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS IN LIEU OF AN ANSWER**

LANDMAN CORSI BALLAINE & FORD P.C.
One Gateway Center, Fourth Floor
Newark, New Jersey 07102-5388
(973) 623-2700
Attorneys for Defendant
InBev USA L.L.C.

On the brief:

    John A. Bonventre, Esq.
    Sarah X. Fang, Esq.

## PRELIMINARY STATEMENT

Plaintiffs Warren Distributing Co., d/b/a Hub City Distributing Co. and Warren Distributing Co. South ("Warren"), Peerless Beverage Co., Inc. ("Peerless"), and Shore Point Distributing Co. ("Shore Point")(collectively "plaintiffs"), instituted this action against defendants InBev U.S.A., LLC ("InBev") and Anheuser-Busch, Inc. ("ABI") on or about March 3, 2007. Plaintiffs are corporations licensed to sell and distribute certain brands of malt beverages as wholesalers in New Jersey. InBev is an importer of malt beverages.

In 2005, plaintiffs entered into separate Distribution Agreements ("Agreements") with InBev for distribution rights of certain brands of European malt beverages ("European Brands"). On February 1, 2007, ABI replaced InBev as the importer and supplier of the European Brands. Pursuant to the Agreements between InBev and plaintiffs, once InBev ceased being the supplier of the European Brands, the Agreements between InBev and plaintiffs automatically and immediately terminated. After ABI replaced InBev and became the exclusive supplier of the European Brands, ABI sent out notices of termination to plaintiffs. Plaintiffs' complaint stems from ABI's replacement of plaintiffs as the distributors of the European Brands.

Plaintiffs filed suit against InBev for alleged: (1) violations of the Practice Act, N.J.S.A. 33.1-93.15(c); and (2) breach of contract. For the reasons set forth below, plaintiffs' claims against InBev should be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.

407915.1 DocsNJ                          2

## STATEMENT OF FACTS

For purposes of this motion and to avoid the unnecessary full reciting of the facts, InBev hereby adopts the "Factual Background" contained in ABI's Memo in Support of Motion to Dismiss Plaintiffs' Complaint. InBev sets forth the following additional facts.

On or about January 4, 2005, Peerless and Warren entered into separate Distribution Agreements ("Agreements") with InBev, the supplier, for the exclusive right to distribute certain brands of European malt beverages ("European Brands"). (Exh. A and B respectively).[1] On April 1, 2005, Shore Point and InBev entered into a similar Agreement. (Exh. C). Pursuant to the Agreements:

> Accordingly, and for whatever reason, should Supplier cease functioning as the United States Supplier of any one or more Supplied Products, Wholesaler agrees that it shall have no claim for compensation or cause of action against Supplier for damages of any kind whatsoever and this Agreement shall terminate immediately but only with regard to such Supplier Products that Supplier ceases to import.

(Exh. A at §4.2)(Peerless); (Exh. B at §4.2)(Warren); (Exh. C at §4.2)(Shore Point).

On November 30, 2006, ABI entered into a contract with InBev nv/sa, a European supplier, that gave ABI, among other things, exclusive rights to appoint distributors for the European Brands. (Plaintiffs' Complaint ¶15). InBev nv/sa's termination of InBev as its national importer became effective on or about January 31, 2007. ABI became the national importer for the European Brands as of February 1, 2007, pursuant to ABI's agreement with InBev nv/sa.

_____

[1] References to exhibits are to those documents attached to plaintiffs' complaint. The exhibits attached hereto are all exhibits which were attached to plaintiffs' complaint.

On or about January 25, 2007, ABI sent written notice to Peerless that any agreement/contract Peerless had with ABI with respect to distribution of the European Brands was being terminated. (Exh. D). Similar notices were sent to Shore Point on January 29, 2007, and Warren on January 31, 2007. (Exh. E and F respectively).

On February 21, 2007, plaintiffs filed a suit in the Chancery Division of the Superior Court of New Jersey against ABI and InBev, seeking a temporary restraining order against the alleged unlawful termination. The Superior Court denied plaintiffs' request. Plaintiffs then brought this instant action on or about March 3, 2007.

## LEGAL ARGUMENT

## POINT I

## APPLICABLE STANDARD FOR RULE 12(B)(6) MOTIONS

This Court recently summarized the applicable standard for Rule 12(b)(6) motions:

> A motion to dismiss under Rule 12(b)(6) should be granted only if "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In re Rockefeller Ctr. Properties, Inc., Sec. Litig., 311 F.3d 198, 215 (3d Cit. 2002). A motion to dismiss "tests the legal sufficiency of the complaint." In re ATI Tech., Inc., Sec. Litig., 216 F. Supp. 2d 418, 427 (E.D. Pa. 2002) [*5] (citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cit. 1993)). "The inquiry is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller, 311 F.3d at 215.

McGuire v. Potter, 2006 U.S. Dist. Lexis 76842, *4-5. (D.N.J. 10/6/06) (Kugler, J.).

On the other hand, there are limits to the allegations that this court can accept as true on a Rule 12(b)(6) motion:

> Consequently, the Court must "accept all well-pleaded allegations in the complaint as true and . . . draw all reasonable inferences in favor of the non-moving party." Id. at 215 (citing Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)). However, the court need not credit "bald assertions" or "legal conclusions draped in the guise of factual allegations." In re Rockefeller, 311 F.3d at 215 (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997)).

McGuire, 2006 U.S. Dist. Lexis 76842 at *5.

Based on the plain reading of the Agreements between plaintiffs and InBev, plaintiffs are not entitled to the relief sought as a matter of law, and plaintiffs' claims against InBev must be dismissed.

407915.1 DocsNJ                          5

## POINT II

### INBEV DID NOT VIOLATE THE PRACTICES ACT[2]

Plaintiffs contend that InBev violated the Practices Act by allegedly "failing" to tender a good faith justification for the termination of the Agreements with plaintiffs.  Plaintiffs cite to N.J.S.A. 33:1-93.15(c)(1) of the Practices Act, which states in pertinent part that:  "[b]rewers may not terminate a distribution agreement except 'where the brewer establishes that it has acted for good cause and in good faith.'"  Plaintiffs' reference to this particular section of the Practices Act is not relevant, however, because InBev did not terminate the Agreements with plaintiffs. Rather, the Agreements – by their own terms – "terminated immediately" when InBev was replaced by ABI as the supplier of the European Brands.  The termination occurred by operation of the terms of the Agreements with plaintiffs.

Moreover, the clear and unambiguous language of the Agreements indicates that should InBev cease functioning as the supplier of the European Brands, plaintiffs have no claim for compensation or cause of action against InBev.  In fact, as plaintiffs agree, InBev ceased functioning as the supplier of European Brands.  Therefore plaintiffs have no cause of action against InBev arising from same.

As such, all claims by plaintiffs that InBev violated the Practices Acts, i.e., Counts One, Three and Four of plaintiffs' complaint, must be dismissed.

---

[2]   In the interests of judicial economy, InBev adopts all applicable arguments raised by ABI in its motion to dismiss plaintiffs' complaint.

## POINT III

### INBEV DID NOT BREACH ITS CONTRACT WITH PLAINTIFFS

In Count Five of their Complaint, plaintiffs allege that InBev breached its Agreements with plaintiffs because InBev terminated the Agreements "without cause." This claim also must be dismissed because it is directly contradicted by the very terms of the Agreements and plaintiffs' own statement of the facts in their complaint.

Plaintiffs admit that InBev nv/sa entered into a contract with ABI pursuant to which ABI replaced InBev as its national importer for the European Brands. (Plaintiffs' Complaint at ¶15 and 16). The contract between InBev nv/sa and ABI gave ABI the exclusive right to appoint the distributors for the European Brands. It is not disputed that as of January 31, 2007, when ABI replaced InBev, InBev's rights relative to the European Brands were terminated.

According to the Agreements between InBev and plaintiffs, the Agreements would "terminate immediately" "should [InBev] cease functioning as the United States supplier . . . ." Therefore, the Agreements between plaintiffs and InBev terminated by their own terms once InBev was replaced by ABI.

Plaintiffs cannot contend that InBev breached its Agreement because as of January 31, 2007, InBev and plaintiffs no longer had an Agreement. Once ABI's contract with InBev nv/sa came into effect, and ABI replaced InBev as the supplier of the European Brands, the Agreements between plaintiffs and InBev automatically terminated. Moreover, as previously noted, the Agreements expressly provided that if InBev ceased functioning as the supplier

of European Brands, plaintiffs had no cause of action against InBev.

Therefore, plaintiffs' claim against InBev for breach of contract should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, plaintiffs' claims against InBev should be dismissed with prejudice.

LANDMAN CORSI BALLAINE & FORD P.C.
Attorneys for Defendant
InBev USA L.L.C.

_____
By: John A. Bonventre

Dated:     May 22, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Warren Distributing Co., d/b/a/ Hub City Distributing Co. and Warren Distributing Co. South, Peerless Beverage Co., Inc., and Shore Point Distributing Company, : : : : : | Case No. 07-CV-1053 RBK-JS |
| Plaintiffs, : : | |
| v. : : | |
| InBev USA L.L.C., and Anheuser-Busch, Incorporated, : : **x** | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, John A. Bonventre, certify that I electronically filed the foregoing Motion to Dismiss Plaintiffs' Complaint and Supporting Memorandum of Law with the Court via the CM/ECF system. Notice of the filing will be electronically sent to the following:

Michael Lieberman, Esq.
Paul W. Kaufman, Esq.
Hangley Aronchick Segal & Pudlin
One Logan Square
27th Floor
Philadelphia, PA 19103

Michael J. Vassalotti
Brown & Connery, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ 08108

_____
John A. Bonventre, Esq.

Dated:    May 22, 2007

409487.1 DocsNJ