<u>NOT FOR PUBLICATION</u>          (Doc. Nos. 86, 89, 96, 110, 113, 116, 117, 130, 131, 133)

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| WARREN DISTRIBUTING CO., ET AL : | |
| : | |
| Plaintiffs,            : | |
| : | |
| v.                : | Civil No. 07-1053 (RBK/JS) |
| : | |
| INBEV USA, LLC, ET AL      : | **OPINION** |
| : | |
| Defendants.        : | |

**KUGLER**, United States District Judge:

This suit arises over a dispute regarding beer distribution agreements.  Presently before the Court are several Motions to Seal Material (Docket Nos. 86, 89, 96, 110, 113, 116, 117, 130, 131, and 133), filed by Plaintiffs Warren Distributing Co., Peerless Beverage Co., Inc., and Shore Point Distributing Company ("Plaintiffs") and Defendants InBev USA, LLC and Anheuser-Busch, Inc. ("Defendants").  Each party claims that the various submitted legal memoranda, exhibits, and depositions contain confidential and proprietary information.  Both Plaintiffs and Defendants mutually agree to all resolution of all Motions, pursuant to a letter dated January 7, 2010, drafted by Michael J. Vassalotti.

**I.     DISCUSSION**

The requests to seal are governed by L. Civ. R. 5.3 which provides in pertinent part that a request to seal must be presented by motion.  The motion papers must describe "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant

the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." See L. Civ. R. 5.3 (c)(2).  Rule 5.3 also provides that any order or opinion on any motion to seal "shall include findings on the factors set forth in (c)(2) ... as well as other findings required by law ...." L. Civ. R. 5.3(c)(5).

It is well-established that there is a "common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001).  This is consistent with well established precedent, based on First Amendment considerations and the common law right of access to judicial records, that documents filed with the court and judicial proceedings are open to the public.  See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); FTC v. Lane Labs-USA, Inc., et al., C.A. No. 00-cv-3174(DMC), 2007 U.S. Dist. LEXIS 6430, at *2 (D.N.J. Jan. 30, 2007).  In order to overcome this presumption of a public right of access, the movant must demonstrate that "good cause" exists for the protection of the material at issue.  Securimetrics, Inc. v. Iridian Techs., Inc., C.A. No.  03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006).  Good cause exists when a party makes a particularized showing that disclosure will cause a "clearly defined and serious injury to the party seeking closure." Id. (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir.1994)).  A Motion to Seal can be granted when the movant proves that the information is confidential in nature and that allowing the general public to access the information will cause a specific and serious injury. Pansy, 23 F.3d at 788.  The claimed injury must be specifically stated because "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing."  Id. at 786 (citing Cipollone v. Liggett Group, Inc., 785 F.2d

2

1108, 1121 (3d Cir.1986)).

With the present Motions to Seal, the Court finds that each Motion describes the nature of the materials at issue, articulates the legitimate interests which warrant the relief sought, and explains why a less restrictive alternative is unavailable, as required by L. Civ. R. 5.3 (c)(2). However, only some of the Motions contain a specifically stated and clearly defined serious injury that would support a good cause showing in order to protect the material at issue, as required under L. Civ. R. 5.3 (c)(2) and Pansy.

### A.    Examples of Specific Harm Shown

For example, Exhibits 1, 10, and 11 in Appendix B to the Declaration of Brian D. Wallach (Doc. No. 89), Depositions of F. Banko II (2/20/09) at 264:7-265:14, S. Beim (4/22/09) at 95:15-25; 95:3-5; 119:4-121:5; 144:6-22, and A. Christon at 10:4-15; 89:1-90:17 (Doc. No. 89), Exhibits 2 and 4 in Appendix B to the Declaration of Michael Lieberman (Doc. No. 110), Exhibit 48 in Appendix B to the Declaration of Michael Lieberman (Doc. No. 113), and Deposition of A. Christon at 260:1-25 in Appendix A to the Declaration of Michael Lieberman (Doc. No. 113) provide the necessary evidence to overcome the strong presumption of public access by specifically explaining the serious harm to be suffered by the movant.  The specific examples and articulated reasons supporting a good cause showing include 1) competitors having unfair advantages in future negotiations or fee arrangements, 2) potential impediments to attracting and retaining fee-based clients, and 3) detriment to current clients' business interests by divulging financial and marketing data.  Therefore, the Court will grant the respective Motions to Seal as to the above materials.

B.       **Examples of General Harm Shown**

However, the Court finds that the remaining Motions fail to provide the necessary

evidence pursuant to L. Civ. R. 5.3(c)(2) to support a good cause showing.  As articulated in

Pansy, a general or overarching allegation of harm that lacks specificity is not enough to support

a good cause showing.  23 F.3d at 786.  General statements that the material at issue "contains

confidential and proprietary information" lacks specificity for the alleged harm.  Cf. Doc. No. 96.

Additionally, statements that the movant will suffer a "serious harm to business interests"

without stating the *specific* harm do not satisfy the requirements of L. Civ. R. 5.3(c)(2) and do

not demonstrate good cause.  Cf. Doc. Nos. 110 and 116.  The parties' designation of material as

confidential does not control whether a document should be sealed pursuant to L. Civ. R.

5.3(c)(2).  Furthermore, Exhibits 12, 13, 45, and 59 in Appendix B to the Declaration of Brian D.

Wallach (Doc. No. 89), Exhibits 1, 4, 5, and 6 in the Declaration of Gurbir S. Grewal (Doc. No.

89), Exhibit 3 in Appendix B to the Declaration of Michael Lieberman (Doc. No. 110), Exhibits

27, 40, and 56 in Appendix B to the Declaration of Michael Lieberman (Doc. No. 113), and

Depositions of S. Higgins (entire excerpt) and M. Kramer at 118:20-119:3 in Appendix A to the

Declaration of Michael Lieberman (Doc. No. 113), and Docket Nos. 96, 117, and 133 contain

only general statements of a harmed business interest without any explanation of the specific

harm.  Therefore, these Motions to Seal do not satisfy the requirements of L. Civ. R. 5.3(c)(2)

because they lack the necessary specificity to support a good cause showing.  See Securimetrics,

2006 WL 827889, at *4-5.  Thus, the Court will deny the Motions as to the above materials.

I.      **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part some of the

Motions to Seal.  The Court further **DENIES** in their entirety the remaining Motions to Seal.  An

accompanying Order shall follow.


Dated: _____4-13-10_____                        ___/s/ Robert B. Kugler_____
                                                      ROBERT B. KUGLER
                                                      United States District Judge