IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARREN DISTRIBUTING CO., d/b/a HUB CITY DISTRIBUTING CO. AND WARREN DISTRIBUTING CO. SOUTH, PEERLESS BEVERAGE CO., INC., AND SHORE POINT DISTRIBUTING CO., <br><br> Plaintiffs, <br><br> vs. <br><br> INBEV USA, LLC AND ANHEUSER-BUSCH, INC., <br><br> Defendants. | Case No. 07-1053-RBK-JS <br><br> Hon. Robert B. Kugler |

## DEFENDANT ANHEUSER-BUSCH INC.'S MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO INBEV N.V./SA'S ACQUISITION OF ANHEUSER-BUSCH, INC. AT TRIAL

Anheuser-Busch, Inc. respectfully moves the Court for an Order *in limine* precluding plaintiffs at trial from referring to or introducing any evidence relating to InBev N.V./SA's acquisition of Anheuser-Busch in November 2008 (the "Acquisition").

The Acquisition – valued at approximately $52 billion – was and remains the largest cash acquisition in history. It was widely reported in the media and received strong outcries from critics who were opposed to the acquisition of an

iconic American company by a foreign corporation.  Plaintiffs themselves admit that the Acquisition took place long "[a]fter the events complained of in this lawsuit".[1]  They are completely irrelevant to the claims in this case.  The intent to make reference to the Acquisition at trial, and the purchase price, is made explicit in plaintiffs' demonstrative exhibit attached hereto as Exhibit A.   Such reference serves no purpose other than to attempt to inflame and confuse the jury and convert this trial from one on "fair market value" to a trial of "big vs. small".

    Besides being irrelevant to any issue in this case, the Acquisition is specifically irrelevant to the central question posed by the Court, namely:  "Did Plaintiffs receive fair market value?"  (SJ Op., Dkt. 178, at 1, 16).  Evidence is relevant only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Evidence that is not relevant is inadmissible.  Fed. R. Evid. 402.  Reference to the Acquisition does not help to answer the question of whether plaintiffs received fair market value, nor does it make its determination any more or less probable.  The Acquisition occurred – as plaintiffs readily concede – almost two years "[a]fter the events

---

[1] *See* Plaintiffs' Proposed Stipulated Facts, Joint Pretrial Order at 16, ¶ 6.

complained of in this lawsuit."[2]  The timing alone makes the Acquisition of no consequence.

The Acquisition was never, in fact, an issue in discovery.  Plaintiffs referenced it for the first time in a draft of the Joint Final Pretrial Order exchanged with counsel.  When counsel for Anheuser-Busch requested that plaintiffs remove the reference to the Acquisition, plaintiffs' counsel agreed.[3]  After doing so, plaintiffs reinserted the reference in the Joint Final Pretrial Order submitted to the Court.  When this issue was raised at the Final Pretrial Conference, plaintiffs' counsel, Ms. Mather, stated that the inclusion in the Pretrial Order was inadvertent.  However, plaintiffs' lead counsel, Mr. Hangley, then claimed that he did not authorize such an agreement and declined to refrain from making references to the Acquisition at trial.[4]

Even assuming *arguendo* that the Acquisition somehow has any probative value to any of the issues in this case (which it does not), it should still be excluded as that probative value is substantially outweighed by the risk of unfair prejudice and confusion of issues.  *See* Fed. R. Evid. 403.  Evidence "is unfairly prejudicial if it appeals to the jury's sympathies… or otherwise may cause a jury to base its

---

[2] *Id.*
[3] *See* July 7, 2010 E-mail from Ms. Mather to Mr. Langsdale (attached hereto as Exhibit B).
[4] Final Pretrial Conference Tr. at 29:9 – 31:2.

decision on something other than the established propositions in the case." <u>Carter v. Hewitt</u>, 617 F.2d 961, 972 (3d Cir. 1980) (internal quotations and citations omitted).

Here, there is a strong likelihood that Anheuser-Busch will be prejudiced should plaintiffs be permitted to make references to or introduce evidence of the Acquisition at trial. Such references to the Acquisition creates the substantial risk of inducing the jury to decide the case on a purely emotional basis – potentially eliciting from the jury the same negative sentiments as those expressed by opponents of the Acquisition at the time of its announcement. Moreover, reference to the $52 billion price of the acquisition has a strong risk of causing the jury to unfairly consider that purchase price when determining liability or damages. There is no doubt that this is precisely the plaintiffs' motivation for wanting to reference the Acquisition. There is simply no legitimate reason for doing so.

Finally, there is a strong likelihood of jury confusion with respect to the Import Agreement and Anheuser-Busch's rights as a successor brewer under the New Jersey Malt Alcoholic Beverage Practices Act. The risk of confusion is particularly high in this case given that InBev N.V./SA, whom Anheuser-Busch entered the Import Agreement with in 2006, is the same company who acquired it in 2008. The jury may be misled by plaintiffs into thinking that there was something improper about the Import Agreement to begin with. Similarly, because

4

InBev USA, a subsidiary of InBev N.V./SA was the predecessor brewer in this case, the jury may be confused as to whether Anheuser-Busch's right as a successor brewer to terminate plaintiffs applies in this case. In either scenario, Anheuser-Busch could be prejudiced by this confusion.

Because the acquisition of Anheuser-Busch by InBev N.V./SA is irrelevant to any issue in this case, and because the risk of prejudicing or confusing the jury substantially outweighs any probative value in admission of this evidence, plaintiffs should be precluded from making any reference to or presenting any evidence relating to the Acquisition at trial.

Respectfully submitted,

Dated: July 13, 2010        s/ Gurbir S. Grewal_____
Michael J. Vassalotti (NJ Bar # 7907)
**BROWN & CONNERY, LLP**
360 Haddon Avenue
P.O. Box 539
Westmont, NJ 08108
(856) 854-8900
(856) 858-4967
mvassalotti@brownconnery.com

Peter E. Moll (NJ Bar #4695)
Brian D. Wallach
Gurbir S. Grewal (NJ Bar # 02777)
**HOWREY LLP**
1299 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 383-7005
(202) 383-6610
MollP@howrey.com
WallachB@howrey.com
GrewalG@howrey.com

*Attorneys for Defendant*
*Anheuser-Busch, Inc.*